IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALICE OWENS, o/b/o
J.O., a minor child,                                                                                     PLAINTIFF

v.                                          Case No. 1:07-cv-1047

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                            DEFENDANT

**MEMORANDUM OPINION**

BEFORE the Court is Defendants's Motion to Dismiss. (Doc. No. 7).[1] The Plaintiff has responded. (Doc. No. 9). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2). Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter. The Court having reviewed the pleadings finds as follows:

**1. Procedural Background**:

This is a Social Security case. On March 26, 2004, Plaintiff filed an application for supplemental security income benefits on behalf of J.O., a minor child. The Commissioner of Social Security, (Commissioner) denied the application at the initial and reconsideration levels, and then by an Administrative Law Judge (ALJ) decision on November 17, 2006. (Doc. No. 7-2). The

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

-1-

Plaintiff's request for review was denied by the Appeals Council on March 21, 2007. (Doc. No. 7-2). Following this denial, Plaintiff filed a civil suit in this court on May 29, 2007. (Doc. No. 1).

**2.  Applicable Law:**

Defendant has filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to comply with the statute of limitations. Defendant argues Plaintiff did not file the complaint in this matter within the statutory time limitation of sixty days following the date the Commissioner mailed notice to the Plaintiff that her request for review was denied, as required by 42 U.S.C. § 405(g). Judicial review of final decisions on claims arising under Title XVI of the Social Security Act is provided for and limited by 42 U.S.C. § 405(g) and (h). The remedy provided by section 405(g) is exclusive.  The relevant provisions are as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The Commissioner, by regulations published December 9, 1976 in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date the individual receives the Appeals Council's notice denying the claimant's request for review of the presiding officer's decision or of the Appeals Council's decision. *See* 20 C.F.R. § 404.981. The date of receipt is

presumed to be five days after the date on the notice, unless the claimant makes a reasonable showing to the contrary to the Appeals Council. *See* 20 C.F.R. §§ 404.901 and 422.210(c).

**3. Discussion:**

On March 21, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision denying Plaintiff's claim for benefits. Notice of that decision was mailed to Plaintiff on that date. (Doc. No. 7-2). The date of receipt is presumed to be five days after the date on the notice, unless the claimant makes a reasonable showing to the contrary to the Appeals Council. *See* 20 C.F.R. §§ 404.901 and 422.210(c). Plaintiff counsel has stated by affidavit that he received the notice of denial from the Appeals Council on March 26, 2007. (Doc. No. 9-2).

The commencement of this civil action had to be made within sixty days of Plaintiff receiving notice of the denial from the Appeals Council. Based on Plaintiff council's assertion of receiving notice of this denial on March 26, 2007, Plaintiff must have commenced the civil action on or before May 25, 2007. Plaintiff's original complaint was not filed until May 29, 2007. Therefore, Plaintiff did not timely this suit, and as such, it should be dismissed.

In *Bowen v. City of New York*, 476 U.S.467 (1986), the Supreme Court ruled that the sixty day period specified in section 205(g) of the Social Security Act is a period of limitation that in a rare case can be tolled by the Commissioner or the courts. The Supreme Court stated, however, that in most cases the Commissioner should make the determination whether to extend the sixty day period and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period. There is no evidence in this case to justify extending the sixty day time period to commence suit.

**IT IS THEREFORE ORDERED** Defendant's Motion to Dismiss (Doc. No. 7) be

**GRANTED,** and Plaintiff's complaint shall be dismissed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**DATED** this **25th day of October, 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE